**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW MACHALEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:17-cv-01809 |
| vs. | ) | |
| | ) | |
| RECEIVABLES PERFORMANCE | ) | **JURY TRIAL DEMANDED** |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

## **INTRODUCTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

2. Defendant has placed dozens of autodialed calls to Plaintiff's cellular telephone number in an attempt to collect a debt from a third-party with whom Plaintiff has no affiliation.

3. Plaintiff never provided Defendant with prior express consent to make these telephone calls.

4. Furthermore, Plaintiff expressly told both Defendant to stop calling and that it had the wrong number, but it continued to call.

5. Accordingly, Defendant's actions violated the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

6. Defendant's actions further violated the FDCPA by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy,

abuse, or harass any person at the called number." Plaintiff is separately entitled to $1,000 plus attorneys' fees for these violations.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA and FDCPA, which are federal statutes.

8. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and because its actions giving rise to the claim were targeted at this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

## PARTIES

10. Plaintiff is a citizen and resident of Barnhart, Missouri.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant Receivables Performance Management, LLC ("Defendant" or "RPM") is, and at all times mentioned herein was, a Washington limited liability company with its principle place of business located at 20816 44th Ave. W, Lynnwood, Washington 98036.

13. Defendant RPM is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

14. Within approximately the past year – and perhaps longer – Defendant began placing telephone calls to Plaintiff's cellular telephone number, 636-###-4649.

15. These calls were all in an effort to collect a debt from a third party named Aaron

Wisdom, or a similar sounding name, with whom Plaintiff has no affiliation.

16. Upon information and belief, this alleged debt was incurred primarily for "personal, family, or household purposes" because Defendant sought out an individual, rather than a business, and because Defendant emphasizes collecting for consumer-facing businesses (such as Credit Card, Retail Card, Auto Finance, Utilities, and Healthcare) on its website.[1]

17. Also on its website, Defendant states that it is a "national leader in accounts receivable management." *Id.* On its payment page, it gives the option to "resolve your debt without speaking to a collector" and gives the disclaimer required under the FDCPA of debt collectors.[2] Defendant is therefore a debt collector as defined at 15 U.S.C. § 1692a(6).

18. Plaintiff never gave any of the Defendant prior express consent to make these calls to his cellular telephone.

19. In fact, Plaintiff specifically told Defendant on several occasions that it had the wrong number and to stop calling, or words to that effect.

20. Nonetheless, despite not having consent in the first place *and* despite Plaintiff's revocation, the Defendant continued to call.

21. These calls used telephone numbers 425-412-2540, 425-372-5308, 425-372-5314, and 425-372-5324, among others.

22. All of the calls calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant to call Plaintiff has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. This is evidenced by the volume of the calls and the inability to stop the calls.

---

[1] http://www.receivablesperformance.com/about-us
[2] https://www.rpmpayments.com/app/default.aspx

24. This is further evidenced by the calls Plaintiff answered, as on at least some of the calls, there was an unnatural pause before Defendant's agent responded to Plaintiff's "hello." Often, Plaintiff would need to say "hello" multiple times, and, on occasion, no one appeared on the line. This behavior is suggestive of a predictive dialer.

25. Defendant's actions in making telephone calls using an automatic telephone dialing system to Plaintiff before obtaining prior express consent and continuing to call after any such consent was revoked, violate 47 U.S.C. § 227(b).

26. Defendant's actions were willful and/or knowing because Defendant made the calls of its own volition, and continued to do so after being asked to stop, which they either ignored, or did not record.

27. Plaintiff has suffered concrete harm as a result of Defendant's telephone calls, including, but not limited to, tying up his telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, the invasion of his privacy by calls continuing after he asked Defendant to stop calling, and nuisance.

28. These forms of concrete harm are sufficient for Article III standing purposes.

29. Plaintiff is entitled to statutory damages and injunctive relief for these violations of the TCPA.

30. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

31. In addition to violations of the TCPA, Defendant's calls after Plaintiff informed Defendant that it had the wrong number violated the FDCPA by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

32. Plaintiff is separately entitled to $1,000 plus attorneys' fees for these violations.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendant placed calls to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendant to stop.

35. Plaintiff's telephone number is assigned to a cellular telephone service.

36. As alleged, these calls all used an "automatic telephone dialing system."

37. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the FDCPA, 15 U.S.C. § 1692d(5)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant is a debt collector as defined at 15 U.S.C. § 1692a(6).

42. Upon information and belief, the debt Defendant sought to collect was incurred primarily for personal, family, or household purposes, qualifying it as a debt subject to the terms of the FDCPA. 15 U.S.C. § 1692a(5).

43. Defendant continued to place calls after being told it had the wrong number and asked to stop, causing Plaintiff's telephone to ring.

44. Defendant's actions violated 15 U.S.C. § 1692d(5).

45.     Plaintiff is entitled to $1,000 in statutory damages and attorneys' fees for this violation of the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrew Machalek prays for the following relief:

A.      An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B.      An award of injunctive and other equitable relief prohibiting Defendant's from engaging in the wrongful and unlawful acts described herein;

C.      An award of statutory damages;

D.      An award of treble damages;

E.      An award of attorneys' fees and costs;

F.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** June 27, 2017

/s/ *Nathan D. Sturycz*
Nathan D. Sturycz, #61744MO
100 N. Main, Suite 11
Edwardsville, IL  62025
Phone: 877-314-3223
Fax: 314-667-2733
nathan@sturyczlaw.com

AND

Jeremy M. Glapion (*PHV Forthcoming*)
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Phone: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com
*Attorneys for Plaintiff*